UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CRUZ HINDS,

       Plaintiff,

                                      Case No. 2:24-cv-144

v.

                                      Hon. Hala Y. Jarbou

GABRIEL THOMAS, et al.,

       Defendants.

_____/

## ORDER REGARDING REPORT AND RECOMMENDATION

Before the Court are the objections of defendant Gabriel Thomas (Def.'s Objs., ECF No. 62) to the report and recommendation of the magistrate judge (R&R, ECF No. 61) that Thomas's and fellow defendant Trisha Haapala's motion for summary judgment (ECF No. 33) be denied as to plaintiff Cruz Hinds's excessive-force claim against Thomas.  Hinds, in turn, objects to the recommendation that Hinds's claims against two previously unidentified corrections officers be dismissed for failure to serve as well as to the dismissal of his First Amendment retaliation claim.  (Pl.'s 1st Objs., ECF No. 63; Pl.'s 2d Objs., ECF No. 65.)  Hinds registers no objection to the magistrate judge's conclusion that his other constitutional claims should be dismissed.

Under Rule 72 of the Federal Rules of Civil Procedure,

> the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).  For the reasons set out in this Order, the Court adopts the R&R in full.  The Court will therefore grant Defendants' motion in part and deny it in part.

## I.    LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  If the movant does not bear the burden of persuasion at trial, the necessary showing can be made by "submitting affirmative evidence that negates an essential element of the nonmoving party's claim," *Kava v. Peters*, 450 F. App'x 470, 473 (6th Cir. 2011) (cleaned up), or by "pointing out the lack of evidence to support an essential element" of that claim, *Rockwood Auto Parts, Inc. v. Monroe County*, 155 F.4th 557, 566 (6th Cir. 2025) (cleaned up).  The nonmovant must then present "sufficient evidence from which a jury could reasonably find in its favor."  *Davis v. Sig Sauer, Inc.*, 126 F.4th 1213, 1230 (6th Cir. 2025) (cleaned up).  Summary judgment is not an opportunity for the Court to resolve factual disputes.  *Id*.  The Court "must shy away from weighing the evidence and instead view all the facts in the light most favorable to the nonmoving party and draw all justifiable inferences in their favor."  *Wyatt v. Nissan N. Am., Inc.*, 999 F.3d 400, 410 (6th Cir. 2021).

## II.    ANALYSIS

The factual backdrop to this case is summarized in the R&R and need not be recited here. (*See* R&R 1–2.)  The magistrate judge's proposed disposition is as follows: dismissal of Hinds's retaliation, deliberate-indifference, and equal-protection claims under the First, Eighth, and Fourteenth Amendments, respectively; denial of summary judgment on Hinds's Eighth Amendment excessive-force claim; and dismissal of the two unnamed and unserved defendants referred to in Hinds's complaint.  The Court agrees with and adopts all three recommendations.

### A.    Deliberate-Indifference and Equal-Protection Claims

A district court reviewing a magistrate judge's report and recommendation de novo is under no obligation to revisit the disposition proposed in the report if no objection is raised to it.  That conclusion is warranted by the plain meaning of the statute authorizing magistrate judges to make

proposed findings and recommendation on dispositive matters ("A judge of the court shall make a de novo determination of those portions of the report . . . to which objection is made."), as well as the parallel language in Rule 72 ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."), and the local rules of this Court, *see* W.D. Mich. LCivR 72.3(b).  *See also Thomas v. Arn*, 474 U.S. 140, 154 (1985) ("The statute does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection.").  The objections Hinds filed with this Court are silent on the dismissal of his deliberate-indifference claim against Nurse Haapala and his equal-protection claim against Thomas.  Because the Court can discern no obvious error in the magistrate judge's recommendation, and because Hinds has not pointed to one, the Court approves and adopts that recommendation in full.

### B.    First Amendment Retaliation

The R&R proposed dismissing Hinds's retaliation claim against Thomas on the ground that Hinds did not contend that he was retaliated against for threatening to grieve Thomas after he punched Hinds in the nose.  Hinds's objection points to numerous acts on the part of Thomas and other corrections officers that he argues constituted retaliation.  (Pl.'s 2d Objs. 2–3.)  Hinds's arguments are not properly before the Court, however, since none of the retaliatory conduct described in the objection was alleged in Hinds's verified complaint or raised in his summary judgment briefing.  "[A]bsent compelling reasons," parties may not "raise at the district court stage new arguments or issues that were not presented to the magistrate."  *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).  Hinds's new arguments fall afoul of this procedural bar.

Even if they did not, Hinds's objections fail on the merits.  According to Hinds, the adverse action taken by Marquette Correctional Facility staff was returning him to his cell in restraints without clearing the cell of tear gas.  (Pl.'s 2d Objs. 2.)  But Hinds nowhere explains how any of

the conduct that resulted in his confinement—blocking his cell-door slot, throwing feces on a corrections officer, spitting on Thomas—was "protected by the First Amendment," *Heyward v. Cooper*, 88 F.4th 648, 657 (6th Cir. 2023).  Hinds himself recognizes that he was kept in restraints because the corrections officers and facility staff "didn't feel safe" coming into his cell to remove the restraints.  (Pl.'s 2d Objs. 3.)  Nor does Hinds show why being put back in his cell in restraints amounted to adverse action: Hinds points to no harm resulting from that placement, such as wrist pain or discomfort from the lingering tear gas in his cell.  Hinds's failure to "establish that the retaliatory acts" complained of "amounted to more than a de minimis injury" independently defeats his revised retaliation claim.  *Hardrick v. Huss*, 155 F.4th 518, 527 (6th Cir. 2025).  Hinds's objection to the dismissal of his First Amendment claim against Thomas is therefore overruled.

## C.     Excessive Force

The R&R proposes denying the summary judgment motion as to Thomas because the magistrate judge concluded that there was a genuine dispute of material fact over whether Thomas and the two unnamed corrections officers deployed excessive force against Hinds while extracting him from his cell.  Hinds's verified complaint alleges that Thomas punched him in the nose while the two unnamed officers restrained him in a chokehold; in his opposition to the summary judgment motion, Hinds submitted his own deposition testimony to the same effect.  (Compl. ¶ 6, ECF No. 1; Hinds Dep. 35, ECF No. 52-1.)  Thomas objects that because prison security-camera footage disproves Hinds's account of the extraction, the magistrate judge should not have recommended that Hinds's claim against Thomas be allowed to proceed.  Thomas's objection is unpersuasive.

The Eighth Amendment protects prisoners from cruel and unusual punishments, including the application of force unjustified by any legitimate penological purpose.  *See Wilkins v. Gaddy*, 559 U.S. 34, 34 (2010) (per curiam).  To make out an excessive-force claim under the Eighth

4

Amendment, a prisoner-plaintiff must show both that the "pain inflicted" was "sufficiently serious" and that its infliction was "for the very purpose of causing harm." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (first quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); and then quoting *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). So to survive summary judgment, Hinds needs to point to a genuine dispute of material fact over whether Thomas caused him serious pain by punching him in the nose and whether Thomas's reason for doing so *was* to cause pain. Although videographic evidence can resolve factual disputes conclusively at summary judgment, it can do so only if "the nonmovant's version of events is so 'blatantly contradicted by the record' that 'no reasonable jury could believe it.'" *Nash v. Bryce*, 157 F.4th 436, 454 (6th Cir. 2025) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)). When that is not the case—for example, when the recordings of the event in question are ambiguous or lack crucial context—any "gaps or uncertainties" must be construed "in the light most favorable to the plaintiff, ensuring that any reasonable inference breaks his way." *Akima v. Peca*, 85 F.4th 416, 422 (6th Cir. 2023) (quoting *LaPlante v. City of Battle Creek*, 30 F.4th 572, 578 (6th Cir. 2022)).

Measured against these standards, the magistrate judge's interpretation of the video evidence was sound. The pertinent portion of the security footage shows the unnamed corrections officers suddenly lean over and grab hold of Hinds, who was strapped to a transportation chair. (ECF No. 35 at 16:35.) (The parties appear to agree that the officers were reacting to Hinds's spitting on Thomas. *See* Hinds Dep. 22.) As they do so, Thomas, who was leaning on a wall behind and to the left of Hinds, comes closer to Hinds. (ECF No. 35 at 16:36–38.) While the front of his body is obscured by the two unnamed officers, Thomas can be seen lurching forward, then straightening up and walking away from Hinds's chair. (*Id.* at 16:38–16:44.)

Because of the angle at which the recording was captured and the positions of the unnamed corrections officers relative to Hinds, Thomas' movements in the seconds between when he got closer to Hinds and when he walked away are not easily evaluated.  What may have been a reflexive response to Hinds's spittle could also have been a jab to Hinds's nose.  The Court cannot conclusively determine from the recording submitted by Defendants that Thomas did not punch Hinds immediately after being spit on.  So the Court must resolve this ambiguity in Hinds's favor and leave its determination to the trier of fact.  And because it is clearly established that a corrections officer cannot use force against a prisoner for the purpose of inflicting pain—which Thomas's punching Hinds would have constituted, seeing as the unnamed corrections officers had the restrained Hinds in a chokehold—the recommendation that Thomas be denied qualified immunity was also appropriate.  *See Erickson v. Gogebic County*, 133 F.4th 703, 710–11 (6th Cir. 2025); *Coleman v. Legmah*, No. 21-cv-3936, 2022 WL 4448983, at \*6 (S.D. Ohio Sep. 23, 2022) (denying qualified immunity under similar circumstances).  The Court will therefore overrule Thomas's objections to the R&R.

**D.     Dismissal of Unserved Defendants**

Finally, Hinds objects to the recommended dismissal of the two unidentified corrections officers named in his complaint, who he contends are Noah Beasley and Conner Wilson.  (Pl.'s 1st Objs. 1.)  This is not the first time Hinds attempted to properly name Beasley and Wilson: both officers are listed in the caption of Hinds's proposed amended complaint, which the magistrate judge rejected on the grounds that adding new parties to the lawsuit on the last day of discovery would have prejudiced both the existing and the new defendants.  (ECF No. 31.)  Although the Court might have resolved Hinds's motion differently in the first instance, the Court cannot conclude that its denial was "clearly erroneous or contrary to law," 28 U.S.C. § 636(b)(1)(A), particularly when Hinds's motion for leave to amend did not set out good reasons for why it was

not brought until the end of discovery.  Coupled with his failure to object to the denial under Rule 72(a), a procedural avenue that even a pro se plaintiff is charged with knowing, Hinds's attempt to hale Beasley and Wilson into court comes too late.  *See August v. Caruso*, No. 12-13775, 2015 WL 1299888, at *6 (E.D. Mich. Mar. 23, 2015) ("Pro se parties must follow the same rules of procedure that govern other litigants." (cleaned up)).  The Court will dismiss the claims against them without prejudice, as recommended in the R&R.

### III.    CONCLUSION

Like many cases involving the treatment of prisoners by corrections officers, this lawsuit turns on the evaluation of divergent accounts of poorly documented events.  The video recordings submitted by Defendants do not conclusively establish what Gabriel Thomas did to Cruz Hinds after Hinds spit on him in January 2024, so Thomas is not entitled to summary judgment on Hinds's excessive-force claim under the Eighth Amendment.  That claim, disentangled from the ancillary issues (and parties) injected by Hinds in his pleading, must be adjudicated by the appropriate factfinder.  The Court agrees with the magistrate judge's recommended disposition of both the claim that will be allowed to proceed and those that will be dismissed.

**IT IS ORDERED** that the R&R (ECF No. 61) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that both Hinds's and Thomas's objections to the R&R (ECF Nos. 62, 63, 65) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants' summary judgment motion (ECF No. 33) is **GRANTED** as to Hinds's deliberate-indifference claim against Trisha Haapala, as well as with respect to the First Amendment retaliation and equal-protection claims against Thomas.  Those claims are **DISMISSED** from this action, as is Haapala herself.  The motion is **DENIED** as to the excessive-force claim against Thomas, which remains pending.

**IT IS FURTHER ORDERED** that Hinds's claims against the unidentified defendants named in the operative complaint are **DISMISSED WITHOUT PREJUDICE**.

Dated: March 16, 2026                    /s/ Hala Y. Jarbou
                                         HALA Y. JARBOU
                                         CHIEF UNITED STATES DISTRICT JUDGE